UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61263-CIV-SINGHAL

SHERI AZRAN,

    Plaintiff,

v.

CLIENT SERVICES, INC.,

    Defendant.
_____/

## ORDER GRANTING TEMPORARY STAY
## AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court on the Defendant Client Services, Inc.'s Opposed Motion to Stay the Case Pending *En Banc* Decision in *Hunstein* (DE [11]). In the instant motion, Defendant requests a stay of this matter pending a final decision by the United States Court of Appeals for the Eleventh Circuit in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2019). Plaintiff opposes the motion and argues Defendant has failed to show entitlement to the relief sought and therefore the instant motion (DE [11]) must be denied in its entirety.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assocs.*, 743 F.2d 1519, 1525 (11th Cir. 1984). In determining whether a stay should be granted, the court looks to the following four factors: 1) the likelihood of the moving

party ultimately prevailing on the merits; 2) the extent to which the moving party would be irreparably harmed; 3) potential for harm to the opposing party if the stay is issued and 4) whether issuing a stay would be in the public interest.  *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417–18 (S.D. Fla. 1987).

A stay, however, must be properly limited and must not be "immoderate."  *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).  Here, the requested stay is not immoderate—much less indefinite.  Defendant seeks to stay the case pending an *en banc* decision by the United States Court of Appeals for the Eleventh Circuit in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2019).  As such, a granting of the requested stay would not be indefinite as the stay will expire when *Hunstein* is decided.  Furthermore, an upcoming appellate opinion, on the same dispositive issue, is a valid reason to stay.  The Court finds that the requested stay is reasonable in scope and helpful for the control of its docket.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Client Services, Inc.'s Opposed Motion to Stay the Case Pending *En Banc* Decision in *Hunstein* (DE [11]) is **GRANTED**.
2. The case is **STAYED**, and the Parties shall file a joint-status report within twenty (20) days after the Eleventh Circuit's decision in *Hunstein v. Preferred Collection & Management Services, Inc.*, No. 19-14434-HH (11th Cir. 2019).
3. Furthermore, the Parties shall file a Joint Schedule Report pursuant to Local Rule 16.1 within thirty (30) days of the Eleventh Circuit's decision.

4. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case, either party may request the Court to reopen the case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED WITHOUT PREJUDICE**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of January 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF